UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DANNY LACHNEY                              NUMBER:

VERSUS                                     JUDGE

AGENT CHASE LINZAY
AND RAPIDES PARISH
SHERIFF HILTON                             MAGISTRATE JUDGE

**COMPLAINT WITH JURY DEMAND**

JURISDICTION

1.   Plaintiff, DANNY LACHNEY, brings this cause of action for monetary damages for use of excessive force and declaratory relief pursuant to 42 USC 1983 and 1988, to redress the deprivation by defendants, their agents, and employees, and others acting in concert with them under the color of state law, of the plaintiff's rights, privileges and immunities secured by the Constitution of the United States and by the Constitution and statutes of the State of Louisiana.

2.   Jurisdiction is invoked pursuant to 28 USC Sections 1331, 1343(a)(1), (2), (3) and (4).  Plaintiff alleges pendant jurisdiction and supplemental jurisdiction over the state law claims.

-1-

## PARTIES

3.      DANNY LACHNEY is a citizen of the State of Louisiana and the United States of America.  He is domiciled in Avoyelles Parish, Louisiana.  He was previously an inmate located at the Rapides Parish Correctional Center located in Rapides Parish, Louisiana.  He was released in 2015.  He is currently incarcerated in the Avoyelles Parish Detention Center, Avoyelles Parish, Louisiana.

5.      RAPIDES PARISH SHERIFF HILTON ("SHERIFF")  is a defendant and is a citizen of the State of Louisiana and the United States of America.  He is domiciled in Rapides Parish, Louisiana.  He is sued in his official capacity only and under Louisiana state law pursuant to respondeat superior.

6.      DEPUTY AGENT LINZAY is a defendant and he is a citizen of the State of Louisiana and the United States of America.  He is domiciled in Rapides Parish, Louisiana.  He is sued in his individual and official capacities.

7.      Unknown and unnamed members of an emergency response team are named defendants.  They are sued in their individual and official capacities

## FACTS

8.      On or about October 20, 2015,  your petitioner was arrested and placed in the custody of the Rapides Parish Sheriff at the Rapides Parish Correctional Center, Alexandria, Louisiana.

9.      On or about October 20, 2015, Agent Linzay entered the dormitory where

Lachney was housed, along with other agents. Linzay commanded Lachney to get off his bunk.  Lachney moved from the bunk in a reasonable fashion.  But Linzay struck Lachney in the head with the butt of a shotgun as soon as Lachney jumped down onto the floor from his upper bunk. The strike left a large gash on the top of Plaintiff's head. Plaintiff filed a grievance against Linzay which grievance was ultimately denied.

10. Plaintiff suffered a large, open gash to his head.  Plaintiff required eight staples to his head.

11. The injury and force administered by Linzay was in violation of the Eighth and Fourteenth Amendments of the U.S. Constitution.  The force used by Linzay was excessive.

12. At no time did your petitioner physically or verbally threaten Linzay or any agent nor did your petitioner attempt to harm the defendant guards or any third parties, nor did he attempt to escape or attempt damage to property.  Your petitioner was unarmed.  At the time he was battered by Linzay, he was cooperative, subdued and compliant.

13. Based upon information and belief, defendant Linzay has similarly struck other inmates  without provocation or just cause; however, no adequate investigation or remedial actions has ever been taken against them.  Nor has the warden taken adequate disciplinary measures against him despite that the warden has knowledge of and is in a position to be aware of constitutional violations committed by Linzay and

other correctional guards. Warden knew or should have know of pervasive physical abuse administered by agents.

14. Warden, the final decision maker for the Rapides Parish Sheriff relative to discipline of correctional officers deliberately disregarded and was indifferent to the constitutional violations committed by Linzay and other guards at RPDC; said disregard and indifference encouraged widespread inmate abuse and coverups of abuse and said disregard and indifference were the motivating forces behind the use of excessive force used by defendants against your petitioner.

15. Plaintiff suffered serious injuries including headaches, unconsciousness, bruising to his head and face, extreme swelling in the head, and other injuries. He has suffered cognitive injuries.

## COUNT ONE: EXCESSIVE FORCE AND BATTERY

16. Your petitioner incorporates paragraphs 1-15 as though fully set forth herein.

17. Linzay's use of excessive force against your petitioner violated Plaintiff's rights under the Eighth and Fourteenth Amendments

18. The excessive use of force by Linzay against Lachney also violated Louisiana Civil Code Article 2315 in that they assaulted and battered Lachney.

## COUNT TWO: SHERIFF, DELIBERATE INDIFFERENCE

19. Your petitioner incorporates paragraphs 1-18 as though fully set forth

herein.

20. The Warden, the final decision-maker of the Sheriff at CCC, failed to discipline or investigate past acts of use of excessive force was a cause of the acts of Linzay against your petitioner and thus violated Plaintiff's rights under the Eighth and Fourteenth Amendments.

## COUNT THREE: SHERIFF, DUE PROCESS

21. Your petitioner incorporates paragraphs 1-20 as though fully set forth herein.

22. The Warden failed to effectively establish and enforce a policy relative to the administration of punishment so as to require that hearings be held before administering routine punishment.  Nor did the Warden effectively discipline guards who violated the policy nor did the warden effectively establish an inmates right to file and present grievances.

## COUNT FIVE: STATE LAW CLAIMS

23. Your petitioner incorporates paragraphs 1-22 as though fully set forth herein.

24. Your Petitioner brings suit under Louisiana state law for battery, excessive use of force, failure to provide due process and failure to provide adequate medical care pursuant to La. C.C. art. 2315 and the 1974 Louisiana Constitution.

25. At all times herein, Linzay and the unnamed members of the ERT team were acting in the course and scope of their employment with the Rapides Parish Sheriff.

## MISCELLANEOUS

26. As a result of the above described injuries, your petitioner is entitled to general compensatory damages for past and future pain and suffering, mental distress, loss of enjoyment of life, reduced earning capacity, inconvenience, and embarrassment as well as special damages for past and future medical expenses.

27. Additionally, your petitioner, should he succeed, will be entitled to an award of reasonable attorney fees, court costs, and litigation expenses plus judicial interest.

28. Your petitioner is entitled to punitive damages against Linzay because each acted with deliberate indifference as to your petitioner's federally protected rights.

29. Your Petitioner exhausted all administrative remedies by filing an ARP on the battery and excessive use of force. The ARP was denied.

30. Your Petitioner is entitled to a trial by jury.

31. Your Petitioner is unable to pay the costs of court in advance, as they accrue or to advance a deposit for the costs.  He is a citizen of the State of Louisiana

and is domiciled therein.  He is entitled to proceed in this case in forma pauperis.

WHEREFORE, DANNY LACHNEY prays that:

I.	There judgment herein in his favor and against the Rapides Parish Sheriff, and, Agent Chase Linzay, in solido, for a reasonable sum, plus all attorney fees, court costs, litigation expenses and judicial interest for violation of Petitioner's U.S. Constitutional rights.

II.	There be judgment in his favor and against the Rapides Parish, and Agent Chase Linzay declaring their acts to be a constitutional violation, violating your petitioner's Eighth and Fourteenth Amendment Rights.

III.	He granted a trial by jury.

IV.	He be permitted leave of court to proceed informa pauperis.

                Respectfully Submitted,

                */s/ Nelson W. Cameron*

                Nelson W. Cameron La Bar No. 01283
                Attorney At Law
                675 Jordan Street
                Shreveport, Louisiana  71101
                Telephone: (318) 226-0111
                Fax:          (318) 226-0760

                **Counsel for Plaintiff**