UNITED STATES DISTRICT COURT          b
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DANNY LACHNEY          CIVIL ACTION 1:16-CV-01458

VERSUS          JUDGE DRELL

SHERIFF HILTON, *et al.*          MAGISTRATE JUDGE PEREZ-MONTES

## MEMORANDUM ORDER

A telephone conference was held on October 12, 2017, at which attorney Nelson Cameron appeared for Plaintiff Danny Lachney and attorney Brad Calvit appeared for Defendants.

Plaintiff made an oral motion for leave to take more than 10 depositions, pursuant to Fed. R. Civ. P. rule 30(a)(2)(A)(i). Defendants opposed that motion.

The discovery provisions of the Federal Rules of Civil Procedure were designed to afford the parties the right to obtain information pertinent to the pending controversy, and to effectuate that purpose they are to be liberally construed. See Lebron v. ENSCO Offshore Co., 2013 WL 3967165, at *5 (W.D. La. 2013) (citing United States v. McWhirter, 376 F.2d 102, 106 (5th Cir. 1967). Rule 26(b)(2)(A) states the Court "may alter the limits in these rules on the number of depositions" by order. However, the Court's discretion is limited in Fed. R. Civ. P. 26(b)(2)(C), which requires the Court to limit discovery when it determines either that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

See Lebron, 2013 WL 3967165, at *5.

The parties dispute whether the depositions would be cumulative or unduly burdensome. But Lachney maintains the video evidence available in the case is not entirely dispositive, and that deponents may have information either not yet fully discovered or otherwise useful for purposes of clarification and comparison to ambiguous video evidence. Since Plaintiff gave viable reasons for needing the depositions, and Rule 30 of the Federal Rules of Civil Procedure is broadly construed to allow adequate discovery,

**Plaintiff's motion to take more than 10 depositions is GRANTED.**

Plaintiff also moved for an extension of discovery and expert deadlines that Defendants did not oppose. Therefore,

**Plaintiff's motion for an extension of discovery and expert deadlines is GRANTED.** The new deadlines will be set forth in a new Scheduling Order.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 17th day of October, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge